**STATE of Minnesota, Respondent,**

v.

**Leonard Allan WALLACE, Appellant.**

**Nos. C7–81–1351, C7–82–484.**

Supreme Court of Minnesota.

March 4, 1983.

STATE of Minnesota, Respondent,

v.

Bryan L. RUSSELL, Appellant.

No. 81–664.

Supreme Court of Minnesota.

March 4, 1983.

Leonard A. Wilson, Jr., Cloquet, for appellant.

Hubert H. Humphrey, III, Atty. Gen., Norman B. Coleman, Jr. and Janet Newberg Anderson, Asst. Attys. Gen., St. Paul, Donald J. Diesen, County Atty., Carlton, Richard C. Hansen, Sp. Prosecutor, Duluth, for respondent.

TODD, Justice.

Defendant was charged by indictment with the gross misdemeanor offense of obstructing legal process by force and with two misdemeanor offenses, driving after revocation and failure to yield to an emergency vehicle. He was tried in district court pursuant to Minn.R.Crim.P. 26.01, subd. 1(1)(a). A district court jury acquitted him of the gross misdemeanor charge but found him guilty of the other two charges. We granted permission to appeal because failure to do so would have left defendant without any chance to appeal his convictions.[1] We affirm.

Defendant raises four issues in his brief. The first is whether the police decision to stop him when he was riding his motorcycle was valid. Our decisions in *State v. Duesterhoeft*, 311 N.W.2d 866 (Minn.1981), and *City of St. Paul v. Vaughn*, 306 Minn. 337, 237 N.W.2d 365 (1975), control this issue. The other contentions concern two evidentiary rulings by the trial court and the trial court's refusal to give a certain instruction requested by defense counsel. There is no merit to any of these contentions.

Affirmed.

---

1. We indicated in *State v. Knaffla*, 309 Minn. 246, 243 N.W.2d 737 (1976), that a criminal defendant is entitled to at least one right of review by an appellate court, and we believe that that applies even to misdemeanor convictions.